IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHERRY VILLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 2:07-cv-151-WKW |
| | ) | |
| AUTAUGA COUNTY, ALABAMA; | ) | |
| AUTAUGA COUNTY SHERIFF'S | ) | |
| DEPARTMENT; and | ) | |
| JAMES "HERBIE" JOHNSON, | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS BY AUTAUGA COUNTY, ALABAMA

COMES NOW Defendant, Autauga County, Alabama, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and moves the Court to dismiss all claims against it, and as grounds therefor, states as follows:

1. On or about February 22, 2007, Plaintiff Sherry Villa commenced the above-referenced action against Autauga County, Alabama.

2. All claims relate to and arise out of her employment with the Office of the Sheriff of Autauga County.

3. The Sheriff of an Alabama County appoints, directs, and controls the jail employees, and jail staff; not the County. Terry v. Cook, 866 F.2d 373, 379 (11th Cir. 1989); Turquitt v. Jefferson County, 137 F.3d 1285, 1289 (11th Cir. 1998). The County has no authority to manage the Sheriff's employees. Id. Because the County has no authority to supervise the Sheriff in his management of the jail staff, the Plaintiff cannot establish a claim against Autauga County, Alabama as a matter of law. Welch v. Laney, 57 F.3d 1004 (11th Cir. 1995).

4. In Turquitt, supra, the Eleventh Circuit addressed the respective roles of an Alabama county and an Alabama sheriff with regard to management and control of the jail. The Court conducted an extensive analysis of Alabama law on the issue.

The Turquitt court also went on to examine the Alabama statutory provisions regarding the powers of Alabama Sheriffs. The Court found that in Alabama, counties only have the powers explicitly granted to them by the Legislature. Turquitt, 137 F.3d at 1289 (citing Tuscaloosa County v. Alabama Great Southern RR Co., 227 Ala. 428, 150 So. 328, 331 (1933). Because their powers are limited to those given to them by the Legislature, any power given to the County establishing any role in operation of the jails in Alabama must be provided by the Alabama Legislature. Turquitt, 137 F.3d at 1289.

As further support for the separation of authority between the Alabama counties and Alabama sheriffs, the Turquitt court found that, under the Alabama Code, the sheriff has control "over the inmates of the jail, **the employees of the jail**, and the jail itself." Id. Alabama Code §14-6-1 provides legal custody in charge of the jail to the sheriff. This is found to be totally independent of the County Commission, Id., *citing* King v. Colbert County, 627 So.2d 623, 625 (Ala. 1993). Alabama law further gives sheriffs' authority to appoint, direct and control the deputies and jailers who work at the jail. Ala.Code §14-6-105. The county has no authority to manage the sheriff's employees. Id., citing Lockridge v. Etowah County Commission, 460 So.2d 1361, 1363 (Ala. Civ.App. 1984), and Terry v. Cook, 866 F.2d 373, 379 (11th Cir. 1989).

Finally, the Turquitt court recognized the County's limited role in funding the operation of the jail and providing facilities to house the jail, and the County Commission's limited duties with respect to the jail were consistent with the County's role in building and funding the jails. Those provisions did not provide any support or authority to show control over the jail's

operation or the Sheriff's management of the same. The mere fact that the County pays the salaries of the Sheriff and jail personnel "does not translate into control over him, since the County neither has the authority to change his salary nor the discretion to refuse payment completely." McMillian v. Monroe County, Alabama, 520 U.S. 781 at 791.

In Turquitt, plaintiff argued that Alabama counties are partners with Alabama sheriffs in the operation of the jails. The Turquitt court examined the legal implications of this argument and found that *Alabama law* failed to recognize the partnership theory. The Turquitt court held that the placement of a duty upon the Sheriff that is "statutorily reserved for him" results in the County having no liability for the Sheriff's failure to perform it. Turquitt, 137 F.3d at 1290. As a result, the Sheriff's actions are independent of other agencies, such as the County.

5. In Welch v. Laney, 57 F.3d 1004 (11th Cir. 1995), the Eleventh Circuit examined an Alabama employment discrimination case against the Cullman County Sheriff, Cullman County Chief Deputy Sheriff, and several County Commissioners. The Welch court looked for County liability in areas where personnel decisions of a Sheriff exist where he is the ultimate repository of County authority. In examining the Sheriff's authority, it looked to statutory authority of the Cullman County Commission. According to certain Alabama acts, the Cullman County Commission has the power to classify different types of employees and to fund compensation schedules for such classifications. While the Act states that the Cullman County Sheriff sets employment policies for his employees, they are still subject to the classification and salary range specifications set by the County Commission.

The Eleventh Circuit affirmed the district court's dismissal of an employee's Equal Pay Act case against the county commissioners and a chief deputy because, considering "the total employment situation," those entities did not qualify as the plaintiffs employer when they had no

direct control over her, and had no power to hire or fire her, and had no power to determine the terms of her employment. *Id.* at 1010. This finding was affirmed even though the commissioners set the salary for the employment classification of the plaintiff.

6.  Similarly, in this case, Plaintiff has attempted to allege a claim that the Sheriff is in partnership with the County over employment-related matters of the jailers. As stated by the McMillian and Turquitt courts, this Court is guided by an analysis of *Alabama law* in reaching a decision as to who has final policymaking authority. Alabama law makes it clear that Alabama sheriffs have policymaking authority over the jail and the employees of the jail. There is no legal authority establishing any right of control or management over jail employees by Autauga County. As a result, Defendant Autauga County submits that the claims against it should be dismissed.

WHEREFORE, THE PREMISES CONSIDERED, the Defendant Autauga County, Alabama, respectfully requests, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the Complaint filed against it be dismissed for failure of the Plaintiff to state a claim against Autauga County as a matter of law.

        /s/ C. Winston Sheehan, Jr.
        C. WINSTON SHEEHAN, JR.
        Attorney for Defendant,
        Autauga County, Alabama

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Phone:  (334) 387-7680
Fax:    (334) 387-3222

CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2007, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons and that those persons not registered with the CM/ECF system were served by U.S. mail:

Winn Faulk
Faulk & Reed, LLP
524 South Union Street
Montgomery, AL 36104
Email: winnfaulk@bellsouth.net

                                              /s/ C. Winston Sheehan, Jr.
                                              OF COUNSEL